UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

RYLAWN R. WALKER

                 Plaintiff,

    -against-

CITY OF NEW YORK, RICHARD DEGAETANO, TROY BLAKE,
and JOHN OR JANE DOES 1-10, Individually and officially in their
capacities as police officers,

                 Defendants.

-------------------------------------------------------------------------X

**AMENDED VERIFIED**
**COMPLAINT**

Demand for Trial by Jury

Docket No.

Plaintiff, RYLAN R. WALKER by his attorneys, by and through the undersigned attorneys, GREENBERG & STEIN, P.C., as and for their complaint against the Defendants, CITY OF NEW YORK, RICHARD DEGAETANO, TROY BLAKE, and JOHN or JANE DOES 1-10, individually and officially in their capacities as police officers, allege and state as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action, in which Plaintiffs seeks relief, vis-à-vis 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the laws of the State of New York, in addition to the self- executing clauses or implied private causes of action within the constitution of the State of New York, for the violations of their civil rights and the deprivations to his liberties, as enumerated and promulgated by the Fourth and Fourteenth Amendments to the Constitution of the United States, as well as the laws and constitution of the State of New York.

2.     The following claims arose on or about November 28, 2020 when Defendants, acting under color of state law, unlawfully stopped, questioned, searched, assaulted, battered, arrested, and detained Plaintiff without a valid judicially authorized arrest warrant, reasonable suspicion, probable cause, or any other legal justification to do so.

3.     The above referenced acts caused Plaintiff to be deprived of his liberty in violation of his rights to be free from unreasonable searches and seizures and to be afforded Equal Protection under the law.

2

4.      Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, an award of costs and attorney's fees, with all interest then accrued, together with such other and further relief as this Court may deem just and proper.

**JURISDICTION**

5.      This action arises under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 and pursuant to the Laws and constitution of the State of New York.

6.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

**VENUE**

7.      Venue is laid within the Eastern District of New York in that Defendant County of Richmond is located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Eastern District. 28 U.S.C. §§ 1391 (b) and (c).

**PARTIES**

8.      At all relevant times, Plaintiff, RYLAN R. WALKER ("Mr. Walker "), is an adult African American male,  residing in Richmond County, New York.

9.      At all relevant times, Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

10.      At all relevant times herein, the New York Police Department ("NYPD") is a wholly owned subsidiary, which is further wholly operated, managed, maintained, and controlled by Defendant City.

11.      At all relevant times herein, Defendant City, acting through its NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, screening, hiring, training, supervision, discipline, retention, and conduct of all NYPD personnel,

3

including police officers, detectives, investigators, sergeants, lieutenants, and other supervisory officers or officials, as well as the individually named Defendants herein.

12.     At all relevant times herein, Defendant City, was responsible for enforcing the rules or regulations of the NYPD, and for ensuring that the NYPD personnel obey the laws and constitutions of the United States and the State of New York.

13.     At all relevant times herein, Defendants, RICHARD DEGAETANO, TROY BLAKE, JOHN DOE 1-10, were police officers, detectives, supervisors, policymakers or officials employed by the NYPD and or City of New York. At this time, Plaintiff did not know the true names or tax registry numbers of Defendants, JOHN DOE 1-10, as such knowledge is within the exclusive possession of Defendants. The names, JOHN DOE 1-10, are fictitious and are meant as placeholders for the Police Officers who falsely arrested and subjected Plaintiffs to excessive force.

14.     At all relevant times herein, Defendants, RICHARD DEGAETANO, TROY BLAKE JOHN DOE 1-10, were acting as agents, servants and employees of the City of New York, or the NYPD. Defendants RICHARD DEGAETANO, TROY BLAKE, JOHN DOE 1-10 are being sued in their individual and official capacities.

15.     At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of New York or State of New York.

16.     That on 09/20/2021, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the Plaintiff's behalf on the Comptroller for the City of New York and that thereafter said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

17.     That on 10/28/2021, pursuant to General Municipal Law 50-h, a hearing was held

4

at the Office of the New York City Transit Authority or at the office of a designated agent.

18.     At all times relevant hereto, Defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

19.     At all times here relevant, Defendant City was responsible for enforcing the rules

of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

**FACTUAL CHARGES**

20.     On, or about, November 28, 2020, at approximately 12:05 a.m., Plaintiff, Mr. Walker, was enjoying some leisure time at 225 Park Hill Avenue, Apartment 3F, County of Richmond, State of New York, when defendants, including, RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, illegally searched, seized, detained and arrested him.

21.     Plaintiff had not committed any crimes or violations of law, nor had there been any indication of such, and nor had they been accused of such by any identified civilian witnesses.

22.     On or about November 28, 2020 at approximately 1:00 A.M., plaintiff Rylawn Walker arrived at a party in an apartment 3-F at 225 Park Hill Avenue, County of Richmond, State of New York. Mr. Walker did not know anyone at the party but had seen the party advertised on Facebook. The advertisement stated, in sum and substance, that it was a get-together, gathering, for a family member's birthday or go-away party. Going to a drinking party such as this is not peculiar or out of the ordinary in Mr. Walker's socio-economic environment. Mr. Walker arrived at the party alone. When he arrived at said party, there were approximately twenty (20) people at the party. Mr. Walker only stayed in the living room. The living room had couches and a bar. Mr. Walker was only in the apartment for ten (10) to fifteen (15) minutes when the police arrived. Approximately seven (7) New York City Police Officers then came in a "bum-rushing" or "raid" type manner into the house. At no point was

Mr. Walker in possession of a black fanny pack or in actual, constructive or statutory criminal possession of a firearm.

23.     The NYPD, utilizing their Vice Squad arrived shortly to said apartment shortly after plaintiff, without a search warrant, arrest warrant or any other legal right to enter said location. Detective Troy Blake, an NYPD officer assigned to the Vice Squad, was part of the raid on said location. His detail was simply to provide prisoner transport if anyone was arrested in the location. Detective Blake claims he arrived at the apartment where plaintiff was arrested because his team was investigating an illegal bottle club. His team arrived at said location without a warrant. At no point while at the location did his team obtain a warrant telephonically. Detective Blake and his Vice Squad had absolutely no legal grounds to enter said location. The Vice Squad showed up at the location with multiple officers, with Detective Blake as a prisoner transport before ever having probable cause to enter. Further, it is highly suspect that Detective Blake's statement to the Grand Jury that his team only arrived at the location to investigate A. B. C. Law section 64-b dealing with a location having more than 20 people are drinking. Defendants would be hard pressed to prove they deploy Vice Squads to all parties of 20 or more. The truth, which has been suppressed in the arrest and prosecution of plaintiff, is that the police were actually investigating a shooting and were intending on arresting a number of young people at a party and then offer them an ultimatum to not have charges brought against them in an attempt to get cooperation or information about the shooting. Detective Blake committed perjury and fraud on the Court by claiming he peaked into the apartment while he was outside and observed plaintiff in a small dark apartment filled with people throw a bag behind a couch. Detective Blake did not testify that he saw an illegal item, such as a gun, but rather that he saw a bag thrown behind a couch. Not only did this false observation not amount to probable cause, a warrantless entry, or exigent circumstances to enter the apartment but rather it was fabricated to give his officers a false premise to illegally enter the location. At one point in Detective Blake's grand jury testimony, he contradicts himself and testifies that he only observed plaintiff throw " a bag" while he was entering the apartment and not outside the apartment giving him a reason to enter. It would be later revealed that no fingerprints matched plaintiff even though Detective Blake observed him throw the bag with the gun in it.

6

24.        Upon unlawfully and illegally entering said premises, NYPD officers turned to Mr. Walker and said "This is yours." Said accusation by the NYPD officer was a direct lie. Mr. Walker was falsely arrested by Detective Blake because Detective Blake lied about observing Mr. Walker throw a bag with a gun in it. Mr. Walker was maliciously prosecuted by Detective Blake because Detective Blake's lie that he said he observed Mr. Walker throw a bag with a gun in it was the sole reason a criminal case was initiated against Mr. Walker. A criminal case was commenced against Mr. Walker under Docket Number CR-004099-20RI. All criminal charges were dismissed by motion of the Richmond County District Attorney's office on July 15, 2021.

25.     Detective DeGaetano was the lead member of the Vice Squad on the date in question and the arresting officer of Mr. Walker. Detective Gaetano falsely arrested Mr. Walker because he stood side by side with Detective Blake when Detective Blake falsely claimed he observed Mr. Walker throw a bag with a gun in it, and knew that said claim by Detective Blake was in fact false. Detective DeGaetano spearheaded the illegal entry of NYPD officers into the location and was fully aware of the lies of Detective Blake that led to the false arrest and malicious prosecution of plaintiff. Furthermore, Detective DeGaetano failed to intervene in the civil rights violations of Detective Blake even though he was fully aware were being perpetrated on plaintiff. Officers suppressed evidence from the Grand Jury and the plaintiff by not turning over videos obtained from outside of the arrest location showing that plaintiff did not enter with the alleged fanny pack containing an illegal firearm. While plaintiff was not physically injured in this incident, any touching of his person that was done subject to an unlawful arrest is deemed an assault and battery.

26.     Defendants, including JOHN and JANE DOES 1-10, then yelled at Mr. Walker, and, causing Mr. Walker to experience severe humiliation, degradation, and the loss of his dignity.

27.     Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, then accused Mr. Walker of a criminal offense before investigating whether or not he could be positively identified as the individual they were looking for.

28.     Due to the lack of probable cause, the aforementioned conduct by Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, constitute the completed torts of

7

Assault and Battery.

29.    Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, never observed Plaintiff committing any crime or violation of the law, or any act that could reasonably be suspected as such.

30.    Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, had no probable cause or reasonable suspicion to justify their seizure, search, questioning, detention, or arrest of Plaintiff, as defendants did not possess any credible evidence that would lead a reasonable officer to believe that Plaintiff had committed any crime or violation of the law.

31.    Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, engaged in a gross deviation from acceptable police conduct and other conduct undertaken in bad faith.

32.    Plaintiff asserts that Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, falsely arrested Mr. Walker and wrongfully detained Plaintiff altogether with the full knowledge that the Plaintiff had not actually committed any crimes or violations of the law.

33.    As a result, Plaintiff was caused to be unlawfully, involuntarily, and continuously detained by defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, until his release from physical custody when said defendants ended their illegal search.

34.    At all times relevant hereto, Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, were involved in the decision to seize, search, detain, and arrest Plaintiff without reasonable suspicion or probable cause, or failed to intervene when they observed others doing do in the absence of any reasonable suspicion or probable cause.

35.    At all times relevant hereto, Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, subjected Plaintiffs to excessive force, or failed to intervene when they observed others subjecting Plaintiffs to excessive force.

36.    Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, engaged in a conspiracy to falsely arrest Mr. Walker by personally conferring with each other regarding the

fabrication of the aforementioned non-existent evidence, the suppression of exculpatory evidence, as well as the manner and means by which said fabrications could be used to deprive Plaintiff of his liberty and violate his civil rights.

37.     Plaintiff assert that Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, illegally approached, seized, searched, and then falsely arrested him, due to their discriminatory prejudices against African Americans, their intent to use the instant arrest as leverage against plaintiff or relatives of plaintiff, so that he would provide defendants with information regarding other crimes or criminal suspects, their desires to fulfill an unconstitutional arrest quota, and to benefit from increased overtime compensation.

38.     Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, arrested Plaintiff, because of their racially discriminatory beliefs, which compelled defendants to equate to Plaintiff's ethnic or national origin to criminal guilt or criminal knowledge.

39.     Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, perpetrated multiple overt acts in furtherance of their obviously discriminatory inclinations, namely the complained-of stop, searches, assaults, batteries, seizure, arrest, and detention of Plaintiff, even after they were unable to discover any evidence to justify such conduct.

40.     Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, unlawfully stopped, questioned, searched, seized, arrested, and detained plaintiff, due to Defendants' perception or consideration of Plaintiff's ethnicity or national origin.

41.     Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, possessed no valid reason to stop, question, search, or arrest Plaintiff, which gives rise to the strong inference that such conduct resulted from defendants' unjust motivations or proclivities.

42.     Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, subjected Plaintiff to disparate treatment compared to other individuals similarly situated, because defendants did not stop, seize, search, detain, arrest, or accuse any white individuals who had engaged in activity identical to the kind that resulted in Plaintiff's illegal search and seizure, namely being lawfully present and sleeping in their

9

home.

43.     Plaintiff assert that the Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, who violated Plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the NYPD and the City of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD and City of New York or, at the very least, conclusive evidence that the City, NYPD, have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact with their police officers.

44.     The identities of Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, are unknown at this present time. However, these Defendants were participated in the false arrest, unlawful search, seizure, and detention of Plaintiff. The identities of Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10 are known exclusively to the Defendants.

45.     The individually named defendants herein, as well as other officers serving in the employ of the NYPD and City of New York, have blatantly, shamelessly, consistently, and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD and the City of New York, in addition to their respective policymakers and supervisors.

46.     Upon information and belief, the NYPD and City of New York, and their respective policymakers, officials or supervisors have imposed, tacitly approved, or acquiesced to policies, customs, or patterns and practices within the NYPD that resulted in Plaintiffs' arrests without probable cause.

47.     Upon information and belief, the NYPD and City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

48.     Defendants' actions, which occurred without even the semblance of probable cause, were so

blatantly violative of his civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the NYPD and the City of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with Defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD and City of New York.

49.    Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD, City of New York and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of Defendants, the NYPD and City of New York.

50.    Upon information and belief, the personnel files, records and disciplinary histories of the officer Defendants will reveal a history of Constitutional violations indicative of Defendant City's knowledge that the individual officer Defendants were unfit for employment as NYPD officers, or for employment in general, and that the probability of the individually named Defendants committing similar violations in the future was extremely high.

51.    Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City and NYPD were fully aware of Defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the City's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, including Defendants RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10.

52.    Upon information and belief, the individually named Defendants have combined to be named as

11

Defendants in numerous lawsuits that have accused them of committing violations similar or identical to those alleged herein, all of which have resulted no disciplinary or corrective action of any kind.

53.     Upon information and belief, the NYPD and City of New York and have failed, or outright refused, to correct the individually named Defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct.

54.     The aforementioned acts of Defendants, including RICHARD DEGAETANO, TROY BLAKE, JOHN and JANE DOES 1-10, directly or proximately resulted in the deprivation or violation of Plaintiffs' civil rights, as guaranteed and protected by the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New York.

55.     As a direct or proximate result of said acts, Plaintiff was caused to suffer the loss of their liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience and anxiety.

### FIRST CAUSE OF ACTION
Unlawful Search & Seizure Under New York State Law

56.     The above paragraphs are hereby incorporated by reference as though fully set forth.

57.     Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

58.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

59.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

60.     The unreasonable searches and seizures to Plaintiff's person and property was not otherwise privileged.

61.     Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to Art. I, § 12, of the constitution of the State of New York and Art. II, § 8, of the New York Civil

Rights Law.

62.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

63.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Unlawful Search & Seizure Under 42 U.S.C. § 1983 Against Individual Defendants

64.     The above paragraphs are hereby incorporated by reference as though fully set forth.

65.     Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

66.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

67.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

68.     The unreasonable searches and seizures to Plaintiff's person and property was not otherwise privileged.

69.     Accordingly, defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the Constitution of the United States.

70.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Negligent or Intentional Infliction of Emotional Distress Under New York State Law

71.     The above paragraphs are hereby incorporated by reference as though fully set forth.

72.     Defendants owed a duty of care to Plaintiff.

73.     Defendants breached that duty of care.

74.     As a result, Plaintiff was caused sustain emotional harm or distress.

75.     The conduct of Defendants was extreme and outrageous.

76.     Defendants' extreme and outrageous conduct was perpetrated with the intent to cause, or with disregard to a substantial probability of causing, severe emotional distress to Plaintiffs.

77.     Defendants' extreme and outrageous conduct is causally related to Plaintiff's

78.     injuries.

79.     As a result, Plaintiff was caused to sustain extreme emotional distress.

80.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
False Arrest & False Imprisonment Under New York State Law

82.     The above paragraphs are hereby incorporated by reference as though fully set forth.

83.     Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

84.     Plaintiff was conscious of their confinement.

85.     Plaintiff did not consent to their confinement.

86.     Plaintiff's arrest and false imprisonment was not otherwise privileged.

87.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

88.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

14

**FIFTH CAUSE OF ACTION**
False Arrest & False Imprisonment Under  42 U.S.C. § 1983 Against Individual Defendants

89.     The above paragraphs are hereby incorporated by reference as though fully set forth.

90.     The Defendants violated the Fourth and Fourteenth Amendments to the Constitution of the United States by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

91.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

92.     At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

93.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
Assault & Battery Under New York State Law

94.     The above paragraphs are hereby incorporated by reference as though fully set  forth.

95.     Defendants made Plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful or offensive touching.

96.     Defendants engaged in and subjected plaintiff to immediate harmful or offensive touching and battered him without his consent.

97.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

98.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

15

## SEVENTH CAUSE OF ACTION
Excessive Force Under 42 U.S.C. § 1983 Against Individual Defendants

99.     The above paragraphs are hereby incorporated by reference as though fully set forth.

100.     Defendants violated Plaintiff's rights, under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

101.     Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

102.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

103.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Deprivation of Rights & Denial of Equal Protection of the Laws Under New York State law

104.     The above paragraphs are hereby incorporated by reference as though fully set forth herein.

105.     Plaintiff is a member of a racial or ethnic minority and protected class.

106.     Defendants discriminated against Plaintiff on the basis of his race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation

107.     Defendants also engaged in the selective treatment of Plaintiff, in comparison to others similarly situated.

108.     Defendants' discriminatory treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of their Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

109.     Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

110.     Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

16

111.   Defendants did not possess a rational basis, excuse, or justification for applying any laws or statutes against Plaintiff.

112.   Accordingly, defendants violated Plaintiff's rights, pursuant to Article I, § 11, of the New York State Constitution, Article VII, § 79-N, of the New York Civil Rights Law and § 296, 13, of the New York Human Rights Law.

113.   Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.


114.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINTH CAUSE OF ACTION
Deprivation of Rights & Denial of Equal Protection of the Laws Under 42 U.S.C.
§§ 1981 & 1983 Against Individual Defendants

115.   The above paragraphs are hereby incorporated by reference as though fully set forth herein.

116.   Plaintiff is a member of a racial or ethnic minority and protected class.

117.   Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity

118.   Defendants engaged in the selective treatment of Plaintiff in comparison to others similarly situated.

119.   Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiffs for the exertion of their Constitutional rights, or malicious or bad faith intent to injure Plaintiff.

120.   Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

121.   Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

122.   Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

17

123.    Accordingly, defendants violated Plaintiff's rights, under the Fourteenth Amendment.

124.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.


125.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights & Failure to Prevent the Conspiracy Under 42
U.S.C. §§ 1983, 1985 & 1986 Against Individual Defendants

126.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

127.    Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of his rights to engage in protected speech or activities, to be free from unreasonable searches and seizures, to be afforded a fair trial, to not be deprived of his liberty or property without due process of law, or of the privileges and immunities under the laws and constitutions of the United States and of the State of New York.

128.    Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

129.    As a result, Plaintiff sustained injuries to his persons, was deprived of his liberty or was deprived of rights or privileges of citizens of the United States.

130.    Defendants' conspiracy was motivated by a desire to deprive Plaintiff of his civil rights or because of some racial, otherwise class-based, invidious, or discriminatory animus.

131.    The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be committed or in process of being committed, possessed the power to prevent or aid in the prevention of the conspiratorial objective, and neglected to do so.

132.    Accordingly, defendants violated Plaintiff's rights, pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States.

133.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

134.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Failure to Intervene Under New York State Law

135.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

136.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

137.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

138.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Failure to Intervene Under 42 U.S.C. § 1983 Against Individual Defendants

139.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

140.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

141.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

142.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

19

**THIRTEENTH CAUSE OF ACTION**
Negligent Hiring, Training, Retention & Supervision Under New York State Law

143.    The above paragraphs are hereby incorporated by reference as though fully set forth.

144.    Defendant City owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee defendants.

145.    Defendant City breached those duties of care.

146.    Defendant City placed defendants in a position where they could inflict foreseeable harm.

147.    Defendant City knew or reasonably should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiffs.

148.    Defendant City failed to take reasonable measures in hiring, training, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

149.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTEENTH CAUSE OF ACTION**
Municipal "*Monell*" Liability Under 42 U.S.C. § 1983 Against Defendant City

150.    The above paragraphs are hereby incorporated by reference as though fully set forth.

151.    Defendant City maintained a policy or custom that caused Plaintiff to be deprived of their civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

152.    Defendant City's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

153.   Defendant City and its policymakers failed to provide adequate training or supervision to their subordinates to such an extent that is tantamount to a deliberate indifference toward the rights of those who may come into contact with Defendant City's employees.

154.   Defendant City's employees engaged in such egregious and flagrant violations of plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by Defendant City and its policymakers toward the rights of individuals, who may come into contact with Defendant City's employees.

155.   Defendant City's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

156.   Defendant City's conduct caused the violation of Plaintiff's civil rights, pursuant to Constitution of the United States.

157.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully request judgment against Defendants, jointly and severally, as follows:

a)   In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)   Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)   Awarding Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

e)   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

Dated: New York, New York
      May 3, 2023

Yours, etc.,

John K. Kouroupas
GREENBERG & STEIN, P.C.
Attorney for Plaintiff
RYLAN R. WALKER
360 Lexington Avenue, Suite 1501
New York, New York 10017
(212) 681-2535

22

**ATTORNEY'S VERIFICATION**

JOHN K. KOUROUPAS, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at GREENBERG & STEIN, P.C., attorneys of record for Plaintiff(s), **RYLAWN R. WALKER**.  I have read the annexed **AMENDED VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:  New York, New York
May 3, 2022

JOHN K. KOUROUPAS
GREENBERG & STEIN, P.C.
Attorney for Plaintiff(s)
Rylan R. Walker
360 Lexington Avenue, Suite 1501
New York, New York 10017
(212) 681-2535

23